■ KEMP INDUSTRIES, INC., Respondent, v ARDITI EXPORT CORPORATION, Appellant. — Order of the Supreme Court, New York County, entered August 22, 1980 granting plaintiff's motion for summary judgment on its complaint, severing defendant's counterclaim and denying plaintiff summary judgment on defendant's counterclaim, unanimously modified, on the law, to the extent of granting plaintiff summary judgment dismissing defendant's counterclaim, and except, as so modified, affirmed, with costs. Plaintiff is a New Jersey corporation engaged in the manufacture and sale of high technology components and parts for vehicles and machinery. On July 7, 1975, it granted defendant an exclusive foreign sales agency which was subject to cancellation by either party on 60 days' notice. By letter dated November 8, 1976, plaintiff canceled the relationship. All, or substantially all, of the sales made by defendant had been made to the Government of Israel. It is undisputed that the amount sued for had been paid by Israel to defendant but had not been paid over by defendant to plaintiff. Indeed, it is virtually

conceded that plaintiff is entitled to summary judgment on its complaint. Crucial to this appeal is defendant's counterclaim. It is its contention that at the time of the termination of its exclusive sales agency it was negotiating with Israel for the sale of 600 hydraulic pumps and that plaintiff terminated that agency, thus defeating its right to the commissions which would have been earned on the sale. Under the terms of the sales agency agreement, it could have been terminated for any or no reason upon the giving of the appropriate notice. Here, there was substantial reason for the termination. Whether ultimately justified or not, there were indications that defendant had been involved in the bribery of two military officers assigned to the Israeli Defense Ministry mission in New York. Indeed, defendant's president, in his examination before trial, admitted that there were tensions between it and the Government of Israel bottomed upon what he euphemistically referred to as "extortion on the part of some officers of the Government of Israel in order to give us the business". Shortly before November 5, 1976, plaintiff received a telephone call from the American attorneys for the Israeli Defense Ministry informing it of defendant's "indiscretions" and that the Government of Israel would no longer make purchases through defendant. Such purchases of materials manufactured by plaintiff as Israel thereafter made would be made only directly through plaintiff. Plaintiff requested that this information be confirmed by letter. The confirmatory letter was dated November 5, 1976 and stated that the Israeli Defense Ministry would no longer purchase plaintiff's products "through any dealers or distributors" and that future procurements would be effected "on a direct basis only without the intervention of any agent or middleman". The letter asked whether plaintiff would sell directly. It was this letter which triggered plaintiff's letter of November 8, 1976 terminating the relationship between plaintiff and defendant. So meticulous was plaintiff in its observance of the 60-day cancellation clause in its agreement with defendant that it refused to negotiate with the Israeli Defense Ministry until January 12, 1977, after the 60-day period following the notice had expired. In these circumstances, there is no basis for the assertion in defendant's counterclaim that plaintiff breached its obligation not to compete or undermine defendant's efforts to sell hydraulic pumps to Israel or that any sales thereafter made by plaintiff to Israel conflicted with plaintiff's obligation to defendant. Accordingly, we modify to strike defendant's counterclaim and to grant summary judgment thereon in favor of plaintiff. Concur — Sullivan, J. P., Ross, Carro, Silverman and Bloom, JJ.